UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Anthony Jesus Johnson, | ) | C/A No.: 8:12-cv-01536-GRA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court for a review of United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed on April 30, 2013. Petitioner Anthony Jesus Johnson ("Petitioner") brought this action pursuant to 28 U.S.C. § 2254 on June 7, 2012.[1]  ECF No. 1.

**Procedural History**

Petitioner is currently being held in state custody at the McCormick Correctional Institution, and seeks habeas relief for state convictions.  Respondent moved for summary judgment on October 31, 2012, and the Court sent Petitioner an order pursuant to *Roseboro v. Garrison*, 428 F.2d 309 (4th Cir. 1975), explaining the summary judgment process and instructing Petitioner that he had thirty-four days to respond to the Motion.  ECF Nos. 28 & 30.  Respondent filed an amended return and memorandum in support of his Motion for Summary Judgment on November 27, 2012, and the Court sent Petitioner a second *Roseboro* order.  ECF Nos. 36 & 37.  Petitioner

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379 (1988).

filed a Response in Opposition to the Motion for Summary Judgment on February 13, 2013. ECF No. 42. Magistrate Judge Austin ordered Respondent to reply to Petitioner's Response in Opposition, and Respondent filed a Reply to the Response in Opposition on April 1, 2013. ECF Nos. 44 & 46. Finally, Petitioner filed a "Sur Reply" to Respondent's Reply on April 10, 2013. ECF No. 48. The Magistrate Judge recommends that this Court deny Respondent's Motion for Summary Judgment with leave to refile, because Respondent failed to address five of the arguments raised by Petitioner. Report and Recommendation 18, ECF No. 49.

## Standard of Review

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant in order to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

This Court must conduct a *de novo* review of any portion of the magistrate's Report and Recommendation to which a specific objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(c). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

## Discussion

Petitioner timely filed an Objection to the Report and Recommendation on May 14, 2013.  ECF No. 51.  Specifically, Petitioner objects to the portion of Magistrate Judge Austin's Report and Recommendation that recommends that Respondent be granted leave to refile his Motion for Summary Judgment.  Objection to Report & Recommendation 1, ECF No. 51.  Petitioner argues that "there is NO sound legal reason[] or any other reason[] why the Respondent should be given a NEW opportunity to answer Petitioner's claims/ grounds 7–11 when the Respondent[] was well aware of the consequences by not responding . . . in the first place." *Id.* at 1–2.  Petitioner further contends that the Court would not have granted Petitioner leave to refile, if "he had failed to answer or defend when advised." *Id.* at 2.  Finally, Petitioner "re-argue[s] his returns [Doc 42] and [Doc 48] verbatim, as well as [Doc 1]." *Id.* at 2.

The Court concludes that Plaintiff's objections are without merit.  First, the Court agrees with Magistrate Judge Austin that it is in the interest of judicial economy that the Court determine whether Petitioner is entitled to relief based upon "a single review of the entire Petition, considering arguments on all grounds presented by both parties."  Report & Recommendation 18, ECF No. 49.  Denying Respondent's Motion for Summary Judgment and granting him leave to refile is a proper action for the Court to take.  *See Bellamy v. Eagleton*, C/A No.: 8:10-01103-HFF-JDA, 2011 WL 4527378 (D.S.C. 2011) (denying motions for summary judgment without prejudice and with leave to refile when the defendant failed to address an issue in his motion for summary judgment).  Furthermore, Petitioner will be given the opportunity to respond to

Respondent's complete Motion for Summary Judgment and will not be prejudiced if Respondent is given leave to refile the Motion.

The Court further finds that Petitioner's argument that he would not be given the opportunity to refile an incomplete motion is without merit. For example, on November 20, 2012, Petitioner moved for an extension of time to respond to Respondent's Motion for Summary Judgment. The Court granted the Motion, and enlarged the time that Petitioner was afforded to answer Respondent's Motion. Furthermore, the Court is charged with liberally construing *pro se* petitions. If Petitioner had been the one to file a deficient Motion, the Court would certainly have allowed him the opportunity to refile.

Finally, the Court declines to address Petitioner's last objection that he would like to reargue the allegations raised in previous motions. "[C]ourts have . . . held *de novo* review to be unnecessary . . . in situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

After a thorough review of the record, the Report and Recommendation, and the relevant case law, the Court finds that the Magistrate Judge applied sound principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED THAT** Respondent's Motion for Summary Judgment is DENIED without prejudice. Respondent is given leave to refile the Motion

within thirty (30) days of the entry of this Order.  Respondent is directed to address all the arguments set forth by Petitioner in the § 2254 Petition.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

May  29 , 2013
Anderson, South Carolina