IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Anthony Jesus Johnson | ) | Civil Action No.: 8:12-cv-01536-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (§ 2254 Petition) on June 7, 2012.[1] *See* Petition, ECF No. 1. Petitioner is currently incarcerated at McCormick Correctional Institution in McCormick, South Carolina.

On October 31, 2012, Respondent filed a motion for summary judgment and a return and memorandum in support. *See* ECF Nos. 28–29. Because Petitioner is proceeding *pro se*, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on November 1, 2012, advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. *See* Order, ECF No. 30. On November 26, 2012, Petitioner filed a motion for extension of time to respond to the motion for summary judgment. *See* ECF No. 32. The Court granted this motion on November 27, 2012, extending the deadline to respond to January 9, 2013. *See* ECF No. 33.

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court). Construing the date in the light most favorable to Petitioner, this action was filed on June 7, 2012. *See* Envelope, ECF No. 1-3 (mailing envelope for Petition marked as received on June 7, 2012).

On November 27, 2012, Respondent filed an amended return and memorandum in support of his motion for summary judgment. *See* ECF No. 36. Accordingly, the Court issued a second *Roseboro* Order and set Petitioner's response deadline to January 9, 2013. *See* ECF No. 37. Petitioner requested and received another extension of time, *see* ECF Nos. 39–40, and filed a response in opposition to Respondent's motion for summary judgment on February 15, 2013. *See* ECF No. 42. Subsequently, Respondent filed a reply, *see* ECF No. 46, and Petitioner filed a surreply, *see* ECF No. 48. On April 30, 2013, Magistrate Judge Jacquelyn D. Austin issued a Report and Recommendation which recommended that Respondent's motion be denied with leave to refile. *See* ECF No. 49. The Court adopted this recommendation via an Order dated May 29, 2013, denying the motion for summary judgment without prejudice and with leave to refile. *See* Order, ECF No. 54. Petitioner filed an interlocutory appeal of this Order, which was dismissed by the Fourth Circuit on September 27, 2013. *See* ECF Nos. 57, 79, 89.

Respondent filed his second motion for summary judgment and an amended return and memorandum in support of his motion on June 28, 2013. *See* ECF No. 69. The Court issued a *Roseboro* Order on July 1, 2013, *see* ECF No. 71. Petitioner requested an extension of time to file a response on August 2, 2013, *see* ECF No. 73, which the Court granted on August 5, 2013, *see* ECF No. 74. Petitioner requested a second extension of time to file a response on September 5, 2013, *see* ECF No. 76, which the Court granted on September 6, 2013, *see* ECF No. 77. Petitioner requested a third extension of time to file a response on October 3, 2013, *see* ECF No. 80, but the Court found that good cause had not been shown to warrant this third extension and denied the request, *see* ECF No. 81. Petitioner timely filed a response to the second motion for summary judgment on October 11, 2013, *see* ECF No. 83.

This matter is now before the court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, filed on January 6, 2014.[2]  *See* R & R, ECF No. 97.  In her R & R, the Magistrate Judge recommends that Respondent's second motion for summary judgment be granted and the Petition be denied.  *See id.* at 2.  Petitioner timely filed objections to the R & R.  *See* Obj., ECF No. 102.

## BACKGROUND[3]

On November 9, 2004, Petitioner was convicted by a jury of murder and assault and battery with intent to kill ("ABWIK").  Record on Appeal, ECF No. 29-2 at 227.  Petitioner was sentenced to life imprisonment for the murder charge and ten years for the ABWIK charge, to run consecutively with the life sentence.  *Id.* at 232.  At trial he was represented by attorneys E.P. Godfrey, Esq. and Clarissa Warren Joyner, Esq.  *See id.* at 1.

Petitioner appealed his case to the South Carolina Court of Appeals, where he was represented by Joseph L. Savitz, III, Esq.  Appellate Counsel, in a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asked to be relieved and raise the following issue: "[t]he trial judge committed reversible error by refusing to instruct the jury on the lesser-included offense of voluntary manslaughter."  ECF No. 29-2 at 237.  On January 11, 2008, the Court issued a per curiam opinion dismissing Petitioner's appeal and granting his appellate counsel's motion to be relieved.  *See* Opinion, ECF No. 29-4, at 2; *see also* ECF No. 29-2 at 244.

On July 2, 2008, Petitioner filed a *pro se* application for post-conviction relief ("PCR"), alleging several grounds for relief.  *See* ECF No. 29-2 at 245–60.  A hearing on this PCR application was held on February 23, 2010, and Petitioner was represented by Susannah Ross, Esq.

---

[2] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

[3] The facts and procedural background, with citations to the record, are more thoroughly discussed in the Magistrate Judge's R & R.  *See* ECF No. 97 at 3–19.

("Ross") at the hearing. *See* ECF No. 29-3 at 266–329.  On April 6, 2010, the PCR court issued an order denying and dismissing the application with prejudice. *See id.* at 330–41.  Attorney Ross filed a motion to alter or amend pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure, which was denied by the PCR court on June 1, 2010. *See id.* at 342–45, 349–50.

Robert A. Pachak, Esq. then filed a petition for a writ of certiorari on Petitioner's behalf in the Supreme Court of South Carolina. *See* Petition, ECF No. 29-6.  The petition sought review of the PCR court's decision and raised the following issue: "[w]hether co-counsel Joyner was ineffective in introducing into evidence a photograph during her cross-examination of Alisa Montgomery because it deprived petitioner of the last closing argument?" *Id.*  In addition to counsel's filings, Petitioner also filed several *pro se* motions with the Supreme Court of South Carolina, including a motion to proceed *pro se*, which were denied. *See* ECF No. 29-7, ECF No. 29-8.  The court also denied the petition for a writ of certiorari. *See* ECF No. 29-10.

Petitioner filed a second PCR application *pro se* on January 25, 2011, raising grounds of ineffective assistance of trial counsel, after discovered evidence, and violation of the First, Sixth, Eighth, and Fourteenth Amendments. *See* Second PCR Application, ECF No. 29-13.  On July 14, 2011, the PCR court issued a final order of dismissal on July 14, 2011, finding Petitioner had failed to show a sufficient reason why the application should not be dismissed as successive and untimely. *See* ECF No. 29-18.  Petitioner then filed a third PCR application *pro se* on June 14, 2012, alleging violation of the First and Fourteenth Amendments and ineffective assistance of PCR appellate counsel. *See* Third PCR Application, ECF No. 29-25.  Specifically, he alleged that the attorney who represented him during the appeal of the first PCR application denied Petitioner the ability to exhaust his state court remedies. *Id.* at 8–10.  The PCR court again dismissed the application as successive and untimely. *See* Order, ECF No. 29-30.  Petitioner filed petitions for a writ of

4

certiorari with the Supreme Court of South Carolina after both final orders, but the Supreme Court denied both petitions. *See* ECF No. 29-23; ECF No. 29-35.

On June 7, 2012, Petitioner filed his § 2254 Petition raising the following issues:

**Ground 1**:    Ineffective Assistance of trial counsel

**Ground 2**:    The P.C.R. court erred in finding that trial counsel was not ineffective for not objecting to the "Allen" charge

**Ground 3**:    The P.C.R. court erred in finding that trial counsel was not ineffective in the handing [sic] of Tyron Thomas petitioner's key witness

**Ground 4**:    The P.C.R. court erred in finding that Appellate Counsel was not ineffective for not briefing the speedy trial issue

**Ground 5**:    Violation of the 1st and 14th Amend. per Fed./U.S. and S.C. Const.

**Ground 6**:    Ineffective assistance of P.C.R. "Appellate" Counsel

**Ground 7**:    Ineffective assistance of trial counsel

**Ground 8**:    After-Discovered Evidence

**Ground 9**:    Violation of the 1st, 6th, 8th and 14 Amend.

**Ground 10**:   Actual Innocence

**Ground 11**:   Violation of the 14th Amend. per the Fed./U.S. and S.C. Const.

*See* ECF No. 1; ECF No. 1-1.  Petitioner also alleged supporting facts for each of these grounds which were quoted substantially verbatim in the R & R.  *See* ECF No. 97 at 9–19; *see also* ECF No. 1; ECF No. 1-1.

5

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## DISCUSSION

The Court reiterates that it may only consider objections to the R & R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir.1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). Much of Petitioner's

6

objections are devoted to merely rehashing his initial arguments before the Magistrate Judge, even going so far as to state that he "re-argue[s] in full" his response to Respondent's second motion for summary judgment at several junctures. *See* Obj., ECF No. 102 at 14, 16, 19, 24. However, Petitioner does make several specific objections, and thus the Court conducted a *de novo* review of the R & R. First, Petitioner asserts various objections related to the procedural posture of this matter. Next, Petitioner argues that the Magistrate Judge erred in finding that Grounds 2–11 were procedurally barred. Finally, he argues that the Magistrate Judge erred in analyzing the merits of Ground 1 and finding that the PCR court's decision was not contrary to applicable Supreme Court precedent.

## I.      Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254, as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a

claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II.    Petitioner's Objections Regarding the Procedure in this Court

Petitioner initially raises several objections regarding the procedural posture of the matter before the Court. First, Petitioner appears to argue that the District Court lacked the authority to deny Respondent's first motion for summary judgment "without prejudice." *See* ECF No. 102, at 1–5. Petitioner also argues that the District Court incorrectly stated that he would be given the opportunity to respond to the respondent's renewed motion for summary judgment. *See id.* at 4. In particular, he claims that the Court's denial of his third request for an extension of time to respond to the second motion for summary judgment deprived him of the opportunity to respond. *See id.* at 4–6. The Court first notes that these objections are not proper at this juncture and should have been raised in Petitioner's response to Respondent's second motion. Nevertheless, the Court notes that the Magistrate Judge recommended denial of the motion "with leave to refile," *see* ECF No. 49 at 19, which is simply another way of stating "without prejudice." Regardless, even if these terms differed in meaning, final authority lies with this Court and it has the sole responsibility to make a final determination. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Moreover, Petitioner was given two extensions of time to respond to the second motion, *see* ECF Nos. 74 and 77, totaling an excess of sixty additional days. The Court only denied an extension upon Petitioner's third request and a finding that good cause was not shown. Extensions are not given of right and may

8

only be granted where there is good cause.  *See* Fed. R. Civ. P. 6(b).   The Court did not treat Petitioner any different than it would any other litigant who had not shown good cause warranting an extension.   In any event, the Court notes Petitioner was able to timely file a forty-eight page response in opposition, *see* ECF No. 83, demonstrating he was not prejudiced by the denial of the third request.  The Court, therefore, overrules these objections.

Petitioner's next objection asserts that Respondent failed to respond to Grounds 7–11 in the second motion for summary judgment, and thus Respondent waived any defenses related to those grounds.  *See* ECF No. 102, at 2.  The Court notes that this objection is completely without merit, as the second motion and amended return to the Petition and memorandum in support of summary judgment extensively addressed all of the grounds raised in the Petition.  *See generally* ECF No. 70. Similarly, Petitioner also argues that the Respondent waived the defense of procedural default by not pleading it as an affirmative defense.   *See* ECF No. 3.   Again, the amended return and memorandum in support of summary judgment extensively addressed procedural default.  *See generally* ECF No. 70.  Accordingly, this objection is overruled as well.

Petitioner also argues that the R & R was premature due to his pending Writ of Certiorari with the United States Supreme Court.  *See* ECF No. 102 at 9.  This objection, however, is moot in light of the Supreme Court's denial of certiorari.  *See Johnson v. Cartledge*, 13-8051, 2014 WL 801138 (Mar. 3, 2014).  Finally, Petitioner argues that he is entitled to a full evidentiary hearing upon "all" claims and notes that the Magistrate Judge did not address this argument.  *See* ECF No. 102 at 24.  The Court overrules this objection as Petitioner is not entitled to a hearing as a matter of right, and a hearing need only be held where the petitioner "'present[s] a colorable claim' to relief, by showing that . .  alleged additional [disputed material] facts, if true, would at least arguably compel the granting of the writ."  *Poyner v. Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (quoting

*Becton v. Barnett*, 920 F.2d 1190, 1195 (4th Cir. 1990)).  The Court finds that, for the reasons more fully stated below, Petitioner's § 2254 petition does not present a colorable claim for relief.

### III.    Objections Related to Procedural Bar of Grounds 2 through 11

Petitioner directs a significant portion of his objections at the Magistrate Judge's recommended finding that Grounds 2–11 are procedurally barred.  § 2254 permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States," and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*; *see also Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court.").  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### 1.  Exhaustion

Section 2254 provides the requirements for exhausting state court remedies:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> . . .
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the

requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies.  *Id.* § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds for relief be stated in the direct appeal or PCR application.  *See* S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).  If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim.  *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *See Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  In South Carolina, a litigant is deemed to have exhausted all available state remedies "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied."  *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454, 454

11

(S.C. 1990).[4] For direct appeals, therefore, "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies." *Id.* However, for PCR applications, appeal of the PCR court's final order is only available via petition for a writ of certiorari filed in the Supreme Court of South Carolina. *See* S.C. Code Ann. § 17-27-100; S.C. App. Ct. Rule 243. Therefore, the claim must have been presented to the Supreme Court of South Carolina, and the relief denied, for exhaustion to occur. Accordingly, in a federal petition for habeas relief, a petitioner may assert only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.

### 2. Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts absent a showing of cause for noncompliance. *See id.* Bypass can occur at any level of the state

---

[4] In *State v. McKennedy*, the South Carolina Supreme Court reiterated that a petition for discretionary review to the South Carolina Supreme Court in criminal and post-conviction cases is outside South Carolina's standard review process, and therefore, "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." 559 S.E.2d 850, 854 (S.C. 2002) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *See id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3) & 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995) ("[I]f a defendant defaults by not following proper state appellate procedure, causing the state courts to rule against him solely on state-law procedural grounds, we have no power to review his defaulted issues."). As the United States Supreme Court explained:

> [State procedural rules] promote[] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *See Murray*, 477 U.S. at 489–90.

13

Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87.

### 3. Exceptions to Procedural Bar

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the appellate court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure or where a "fundamental miscarriage of justice" has occurred. *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Murray*, 477 U.S. at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *See id.* at 927. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failing to raise the claim, the petitioner may show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he

14

is actually innocent. *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)) (internal quotation marks omitted). Therefore, to demonstrate this actual innocence standard, the petitioner's case must be truly extraordinary. *See Murray*, 477 U.S. at 496.

**4. Petitioner's Objections**

As the Magistrate Judge correctly explained, the sole issue raised on direct appeal was not raised in the Petition. *See* ECF No. 97 at 29 and n.9. Accordingly, it is not before the Court for consideration. The only issue that was raised on appeal of the PCR court's final order with regard to Petitioner's first application was "whether co-counsel Joyner was ineffective in introducing into evidence a photograph during cross-examination of Alisa Montgomery because it deprived Petitioner of the last closing argument?" *See* ECF No. 97 at 29. Since this claim was properly exhausted, and Petitioner asserted it as Ground 1 in the § 2254 Petition, the Magistrate Judge considered its merits of this argument. The Magistrate Judge recommended finding that the remaining grounds, Grounds 2 through 11, were procedurally barred as they were not properly exhausted. *See id.* at 29. The Magistrate Judge also recommended finding that an exception is not warranted to the exhaustion requirement. *See id.* at 30–34.

Petitioner objected to this finding, arguing that an exception is warranted because he has no other means to seek redress from any state court. *See* ECF No. 102 at 11–12. He also argues that

he was impeded with his efforts to comply with the state procedure. *Id.* at 12–13. Moreover, he argues he has not conceded that his claims are procedurally barred. *Id.* Next, he argues that he has shown actual prejudice because he has provided evidence of his factual innocence. *Id.* at 13–19. He argues that a witness would have testified that he did not fire the shots in question had he been proffered and had the prosecution not threatened him. *See id.* at 15–16. He also "calls into question" PCR counsel for not speaking to this witness and for failing to raise his Ground 1 argument in her Rule 59(e) motion to the PCR court. *Id.* at 17–21. Finally, he objects to the fact that the R & R did not address the arguments of his second and third PCR applications. *Id.* at 19–20.

First, the Court notes that it agrees with the Magistrate Judge's analysis in the R & R and adopts it as its own. Petitioner never properly presented Grounds 2 through 11 either on direct appeal or appeal of the PCR court's order via a petition for a writ of certiorari filed with the Supreme Court of South Carolina. *See* ECF No. 29-2 at 243–43 (brief of appellant for direct appeal); Petition for Writ of Certiorari, ECF No. 29-6. Therefore, Grounds 2 through 11 are procedurally barred unless Petitioner can demonstrate an exception is warranted. As previously discussed, the Magistrate Judge found that an exception is not warranted. After reviewing the R & R and Petitioner's objections, the Court finds that he has not demonstrated cause for failure to raise the claim and actual prejudice resulting from the failure or a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *Murray*, 477 U.S. at 495–96.

Petitioner claims in his objections, reasserting the argument from his response, that an external factor impeded his compliance with the state procedure, namely that he was not allowed to proceed *pro se* and his *pro se* brief was not filed. *See* ECF No. 102 at 13. As the Magistrate Judge correctly noted, a litigant does not have the right to hybrid representation. *See* ECF No. 97 at 31.

16

Accordingly, the Court agrees with the Magistrate Judge that the Supreme Court of South Carolina's denial of his motion to proceed *pro se* and refusal to consider his *pro se* brief did not impede him from complying with South Carolina procedure. *Id.* at 30–31.

Next, as the Magistrate Judge correctly explained, Petitioner's other argument of "cause" appears to be that his PCR appellate counsel was ineffective for failing to raise all of his arguments on appeal. In his objections, Petitioner also raises various issues with PCR counsel for the first time, and reiterates his arguments regarding PCR appellate counsel's representation. The Court notes that Petitioner's objections related to PCR counsel are improper, as this argument was not raised in the Petition. In any event, the exception set forth in *Martinez* is inapplicable even if Petitioner had properly asserted it. *Martinez* is a limited in scope, and operates solely where ineffective assistance of trial counsel can only be raised initially on collateral review. *Juniper v. Davis*, 737 F.3d 288, 289 (4th Cir. 2013). *Martinez* allows the federal petition to assert ineffectiveness of PCR counsel as an avenue around the procedural bar of an ineffective assistance of trial counsel claim. *See id.* Here, Petitioner was represented by counsel at the PCR stage, and counsel pursued an ineffective assistance of trial counsel argument. *See* ECF No. 29-3 at 342–45. Thus, the *Martinez* exception does not apply. As for PCR appellate counsel, the Court agrees with the Magistrate Judge's analysis on this point. The eighth circuit has held that "*Martinez* offers no support . . . for the contention that the failure to preserve claims on appeal from a postconviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). In an unpublished opinion, the Fourth Circuit has reached the same conclusion. *See Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013). Petitioner, therefore, has not established sufficient cause, as he has not shown "that some objective

factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Court also finds that Petitioner has failed to establish actual innocence as well. Petitioner devotes a significant portion of his objections to the argument that if trial counsel had introduced the testimony of a certain witness, Tyrone Thomas, it would have shown that he was actually innocent. *See* ECF No. 102 at 15–19. Petitioner argues that there is a distinction between factual innocence, which he claims he has shown, and actual innocence, but the Court notes these concepts are the same thing. *See Bousley*, 523 U.S. at 623. To establish actual innocence, Petitioner "must demonstrate actual factual innocence of the offense of conviction, *i.e.*, that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). Moreover, he must show that "'it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. at 327–28) (internal quotation marks omitted). This must be shown by clear and convincing evidence. *Mikalajunas*, 186 F.3d at 494. Even if this witness, Tyrone Thomas, testified that Petitioner did not fire any shots, the Court cannot say that it is more likely than not that "no reasonable juror" would have convicted Petitioner. At trial, the prosecution introduced eyewitness testimony of Petitioner's former girlfriend who stated under oath that she witnessed petitioner firing shots into a restaurant, the shots which ultimately ended up killing someone. *See* App., ECF No. 29-1 at 70–72 (transcript of the testimony). Therefore, the Court finds that a reasonable juror could convict petitioner, and Petitioner cannot show actual innocence. Accordingly, his objections are overruled and the Court finds that Grounds 2 through 11 are procedurally barred.

18

Petitioner argues that the Magistrate Judge erred in failing to consider the arguments set forth in his second and third PCR applications.  These claims were included as Grounds 6, 7, 8, 9, and 11 of the § 2254 Petition, which the Court has already determined are procedurally barred.  Accordingly, Plaintiff's objection that the Magistrate Judge improperly failed to consider these arguments is overruled.

## IV.     Merits of Ground I

As previously noted, Ground 1 is properly before this court, as it was exhausted before the Supreme Court of South Carolina via a petition for a writ of certiorari seeking review of the PCR court's order.  Ground 1 asserts that trial counsel was ineffective because she introduced into evidence a photograph intended to show the bias of a witness against Petitioner, which resulted in the prosecution receiving the final closing argument.  *See* ECF No. 1 at 22–26.  In the R & R, the Magistrate Judge recommended finding that the PCR court properly analyzed Petitioner's ineffective assistance of trial counsel claim, and that its decision was neither contrary to, nor an unreasonable application of, applicable Supreme Court precedent.  *See* ECF No. 97 at 38.

In his objections, Petitioner asserts that one of his trial attorneys admitted at the PCR hearing the importance of having the final closing argument and that she had "gotten her point across" prior to introducing the photograph.  *See* ECF No. 102 at 22.  He also argues that he was not required to testify or prove what his testimony would have been.  *Id.*  Petitioner then makes various arguments related to prejudice and asserts the PCR Court and Supreme Court of South Carolina erred in finding that Petitioner "failed to meet his burden of prejudice."  *Id.* at 23.  Petitioner also makes various arguments regarding PCR counsel and PCR appellate counsel's purported failure to properly raise Ground 1.  *See id.* at 23.

19

The Court first notes that Ground 1 was raised and exhausted before the state courts, and therefore is properly before this Court. The Magistrate Judge analyzed the merits of this Ground in the R & R. Petitioner's objections do not point to any specific error in the Magistrate Judge's analysis regarding whether the state court's decision was "contrary to" or an "unreasonable application of" applicable Supreme Court precedent, *see* 28 U.S.C. § 2254(d)(1), aside from the general argument that Petitioner showed sufficient prejudice. Finding no clear error with the Magistrate Judge's analysis, *see* ECF No. 97 at 34–38, the Court adopts it as its own and overrules Petitioner's objections to the extent they can be construed to relate to Ground 1. As the Magistrate Judge correctly explained, the PCR court properly applied the *Strickland v. Washington*, 466 U.S. 668 (1984), standard to the facts of Petitioner's case. ECF No. 97 at 34. Moreover, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000). Accordingly, Petitioner's claim fails.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional

right.  *Slack*, 529 U.S. at 484–85.  In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

CONCLUSION

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.    Therefore, it is **ORDERED** that Respondent's Second Motion for Summary Judgment is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** *with prejudice*.   **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                              s/ R. Bryan Harwell
                              R. Bryan Harwell
                              United States District Judge

Florence, South Carolina
March 21, 2014